ANTONIO TRILLA-LÓPEZ, Plaintiff and Appellee, v. RAMÓN
CABALLERO, Defendant and Appellant.

No. 3523. Argued March 18, 1925.—Decided July 8, 1925.

INJUNCTION—SERVITUDE—LIGHT—PERSONAL OBLIGATION.—A' stipulation in a deed
of sale that the vendee shall allow a window to remain open as long as the
vendor may desire does not constitute a servitude of light, but is a personal
obligation in favor of the vendor which he can not transfer to a third person.

District Court of Humacao, Pablo Berga, J.   Judgment for the pe-
titioner in an injunction proceeding.   *Reversed.*

*Antonio L. López* and *Julio Reguero González* for the appellant.
*V. M. Fernández* and *Luis Pereyó Quiñones* for the appellee.

MR. JUSTICE ALDREY delivered the opinion of the court.

Fernando Guarch Ríos was the owner of two houses
built on adjoining lots in Caguas, one of them having a
garage which partly extended to the lot occupied by the
other house.  In May of 1920 Guarch sold to Ramón Ca-
ballero the house and the lot partly occupied by the garage
of the adjoining house and the following was included
in the deed: "It is agreed that this sale does not include
the garage or the part of the lot occupied by it and that
grantee Caballero has no right to order the closing of the
window in the back part of the said garage, which shall
remain open as long as Guarch Ríos may desire."  Caba-
llero's wife was not a party to this deed.

A few months thereafter Guarch sold the other house to
Francisco Méndez, who in 1921 sold it to Antonio Trilla
López, the deed of sale to Trilla containing the stipulation
relative to the garage under which Guarch had sold the
property to Caballero.

Recently Ramón Caballero nailed up the window of the
garage of Trilla's property, thereby preventing him from
opening it.  Thereupon Trilla brought injunction proceed-
ings in the District Court of Humacao praying that Caba-
llero be ordered to leave the said window in such a condi-
tion that the petitioner might open it whenever he desired,

and judgment having been rendered as prayed for, Caballero took the present appeal.

In the petition for the injunction it is alleged that the stipulation quoted from the deed by which Caballero purchased the property from Guarch created a servitude (without saying of what class) which in his brief in this court the petitioner classifies as a servitude of light and the district court considered as a reservation of the right to have an open window. Therefore, the first question to decide is the kind of obligation imposed upon Caballero by that paragraph when he purchased the house from Guarch, thereby considering the first ground of this appeal to the effect that the lower court erred in considering the title claimed by the plaintiff as a valid one of servitude of lights and views.

The obligation contracted by the appellant in the said stipulation not to order the closing of the window of the garage and allow it to remain open as long as Guarch desired does not constitute a servitude of light or view, for although the window of the garage may give light and view, the right has not been recognized in favor of the adjoining tenement, but in favor of Guarch personally for such time as he might desire, and as servitudes of this kind are real, they must be created in favor of another tenement and not in favor of a person. Furthermore, praedial servitudes as of light and view are encumbrances of a real nature that affect the servient tenement and in the creation of them the consent of the wife is necessary when the property belongs to the community, as in the present case, for they create real rights against the property, and Caballero's wife was not a party to the deed in order to consent to the imposition of that real obligation. In fact what the language of the said stipulation shows is that Ramón Caballero recognized in favor of Guarch the right to have the open window as long as he desired, thus accepting a personal obligation in favor of his vendor, and such being the

nature of the right, Guarch could not and did not transmit it to Francisco Méndez, nor Méndez to Antonio Trilla, the purchasers of the second house.

In view of the conclusion reached Antonio Trilla has no right of action against Caballero to compel him to allow the garage window to remain open, and the judgment appealed from is reversed and substituted by another dismissing the petition without costs.